

# NUMBERS 13-12-00102-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

QUINTIN MONTGOMERY
A/K/A QUINTIN A. MONTGOMERY,                              Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Quintin Montgomery a/k/a Quintin A. Montgomery, pleaded guilty to burglary of a habitation with intent to commit a felony (count one), aggravated robbery (counts two and three), aggravated assault (count four), and credit card abuse (counts five through seven). *See* TEX. PENAL CODE ANN. §§ 22.02, 29.03, 30.02, 32.21 (West

2011).  Counts one through three were first-degree felonies, count four was a second-degree felony, and counts five through seven were state-jail felonies.

In June 2008, pursuant to a plea-bargain agreement, appellant pleaded guilty and was placed on deferred-adjudication community supervision for periods of ten years (counts one through four) and five years (counts five through seven).

On the State's motion, on April 20, 2009, the trial court adjudicated appellant guilty on counts one through four, revoked his community supervision, and sentenced appellant to a term of ten years' confinement in the Texas Department of Criminal Justice, Institutional Division.  Appellant started serving his sentence of confinement. The trial court subsequently granted appellant's motion for shock probation and on November 20, 2009, the trial court suspended the remainder of appellant's prison sentence for counts one through four and placed appellant on felony community supervision for a period of eight years.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2009).  As to counts five through seven, appellant remained on deferred-adjudication community supervision, though he was once sanctioned and his conditions of community supervision were modified.

In fall 2010, the State moved to revoke appellant's felony community supervision (counts one through four) and his deferred-adjudication community supervision (counts five through seven).  At the revocation hearing, appellant pleaded true to multiple violations of his community-supervision conditions as alleged by the State, including drug use.[1]  On counts one through four, the trial court revoked appellant's community

---

[1]  Appellant admitted to using marihuana in violation of the conditions of his community supervision.

supervision and imposed the ten-year sentence of confinement in the Texas Department of Criminal Justice, Institutional Division. On counts five through seven, the trial court adjudicated appellant guilty, revoked his community supervision, and sentenced appellant to two years of confinement.

All of appellant's sentences in this case were ordered to run concurrently and he was granted time credit for any time previously served in this case. Appellant appealed the judgment revoking his community supervision (counts one through seven) and appellant's court-appointed counsel filed an *Anders* brief. We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority,

there are no reversible errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

4

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Delivered and filed the
31st day of May, 2012.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.